MICHAEL C. MILLS, ESQ.
Nevada Bar No. 003534
BAUMAN LOEWE WITT & MAXWELL
3650 N. Rancho Dr., Ste. 114
Las Vegas, NV 89130
Phone: 702-240-6060
Fax: 702-240-4267
Email: mmills@blwmlawfirm.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ACUITY A MUTUAL INSURANCE COMPANY, a Mutual Insurance Company,<br><br>Plaintiff,<br><br>vs.<br><br>SIGNATURE CONCRETE & COATINGS, INC. doing business as SIGNATURE AIR CONDITIONING AND HEATING, a Nevada Corporation; KNIGHT SPECIALTY INSURANCE COMPANY, a Delaware Corporation, DOES 1 through 10, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | CASE NO:<br><br><br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

COMES NOW Plaintiff Acuity, A Mutual Insurance Company, (hereinafter "Acuity"), by and through its counsel of record, Michael C. Mills, Esq. of the law firm of Bauman Loewe Witt & Maxwell, and files the following Complaint for Declaratory Relief against Defendants Signature Concrete & Coatings, Inc. doing business as Signature Air Conditioning and Heating, a Nevada Corporation; and Knight Specialty Insurance Company, DOES 1 through 10, inclusive and Roe Business Entities I through X inclusive.

## PARTIES

1. Plaintiff Acuity is a mutual insurance company which is organized under the laws of the State of Wisconsin and is authorized to operate in the State of Nevada.

2. Defendant Signature Concrete & Coatings, Inc. doing business as Signature Air Conditioning and Heating, (Signature) is a Nevada Corporation, authorized to operate in the State of Nevada.

3. Defendant Knight Specialty Insurance Company, (hereinafter Knight) is a Delaware Corporation, authorized to operate in the State of Nevada.

4. Defendants Does 1 through 10 and Roe Corporations I through X are unknown at this time, and may be individuals, partnerships or corporations.

## JURISDICTION AND VENUE

5. This declaratory judgment action is brought under United States Code, Title 28, Section 2201, the Federal Declaratory Judgments Act and the Federal Rules of Civil Procedure 57, Declaratory Judgments.

6. Jurisdiction in this matter is based on diversity of citizenship, 28 U.S.C. §1332, in that there is complete diversity of citizenship and that the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

7. All the facts and circumstances that give rise to the subject lawsuit occurred in Clark County, State of Nevada.

## GENERAL ALLEGATIONS

8. On information and belief, Knight and or Roe Business Entity I provided property and liability insurance coverage to Defendant Signature during the policy period immediately preceding the Acuity insurance policy spoken of below in this Complaint.

**The Allegations In The Underlying Complaint**

9. On January 10, 2023, Defendant Signature entered into a Subcontract Agreement with general contractor Marnell, LLC (Marnell) regarding the construction of

the "Wilson Residence". Exhibit **1**. Marnell subcontracted the HVAC work required under the Prime Contract between Marnell and the Owners to Defendant Signature.

10. On September 18, 2023, Marnell filed suit against Signature in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-23-877965-C Exhibit **2**. (The Underlying Complaint)

11. The Underlying Complaint describes the parties and details their obligations under the Subcontract. Id. ¶¶ 5 – 18.

12. The Underlying Complaint details the alleged defaults of Defendant Signature under the Subcontract. Id. ¶¶ 19 – 37.

13. The Underlying Complaint alleges that written notice of default was sent on April 12, 2023 and provided Defendant Signature 48 hours to cure such defaults. Exhibit **3**.

14. The Underlying Complaint alleges that on May 4, 2023, the parties held an on-site meeting from which a non-exhaustive summary list of construction failures was produced and cure date was set for May 9, 2023. Exhibit **2** ¶¶ 24 – 25.

15. The Underlying Complaint also alleges that later in May 2023, it was discovered that the lines set for the heat pump installation were not properly set per manufacturers specification.. Id. ¶¶ 26-

16. The Underlying Complaint alleges that on May 10, 2023, Marnell sent Signature a written notification that Signature had failed to cure the items on the non-exhaustive summary list of construction failures. Id. ¶ 30.

17. The Underlying Complaint alleges that on May 19, 2023, Marnell called an in-person meeting between the parties to further address the quality and scheduling deficiencies of the work. Id. ¶ 31.

18. The Underlying Complaint alleges that on May 31, 2023, Marnell provided Plaintiff with an extensive punch list for all outstanding mechanical work that Signature had failed to provide. Id. ¶ 35.

COMPLAINT FOR DECLARATORY RELIEF
- PAGE 3 OF 7 -

4113970v1

1    19.    The Underlying Complaint alleges that on June 8, 2023, Marnell sent written notice to Plaintiff that the Subcontract was terminated as a result of failure to cure defects, untimely and defective mechanicl work and refusal to remit payment to one of Signature's contractors. Id. ¶ 38 Exhibit **4**.  Marnell said that if Signature did not pay Signature's subcontractors that it would pay the subcontractors and seek recovery from Signature.  Exhibit **2** ¶ 40.

**The Inception of the Acuity Policy**

20.    On June 26, 2023, Plaintiff issued to Defendant Signature a Policy of Insurance.  Plaintiff Acuity assigned policy number ZR7217.  Exhibit **5**.  The policy issued by Acuity also included Umbrella Coverage.

21.    Filed on September 8, 2023, The Underlying Complaint includes four causes of action:

FIRST:     Breach of Contract

SECOND:    Breach of Implied Covenant of Good Faith and Fair Dealing.

THIRD:     Breach of Express Warranty.

FOURTH:    Breach of Implied Warranty.

Exhibit **2** ¶¶ 41 – 68.

22.    On or about October 27, 2023, Acuity was notified of the suit filed by Marnell against Signature.  Signature requested that Acuity defend it in the action.

23.    On November 21, 2023, Acuity's assigned defense counsel filed an Answer on behalf of Signature to Marnell's Complaint.  Exhibit **6**.

24.    Acuity has incurred attorney's fees and costs in providing Signature a defense to the Underlying Complaint.

25.    On November 30, 2023, Acuity issued a Reservation of Rights letter to Signature reserving its rights under Acuity's insurance policy with Signature and seeking recuperation of the fees and costs incurred in the defense.  Exhibit **7**.

## FIRST CAUSE OF ACTION
### (Declaratory Relief)

26. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 25 of this Complaint.

27. Pursuant to United States Code, Title 28, Section 2201, the Federal Declaratory Judgments Act and Rule 57 of the Federal Rules of Civil Procedure, Declaratory Judgments, Plaintiff Acuity seeks a declaration of the duties, rights and interests of the parties as related to the tender of defense and the duty to indemnify.

28. Plaintiff has been obligated to retain counsel to represent it to prosecute this matter.

29. Plaintiff has incurred attorney's fees and costs in prosecution of this action.

WHEREFORE, Plaintiff Acuity A Mutual Insurance Company expressly reserves the right to amend this Complaint for Declaratory Judgment during discovery and at the time of the trial of the action herein to include all damages not yet ascertained, and prays for declaratory judgment against the Defendants, and each of them, as follows:

1. A declaration that the Acuity policies provide no duty to indemnify Defendant Signature for alleged damages arising from the Underlying Complaint;

2. That Acuity does not and has never had a duty to defend the Defendant Signature in the action brought against it by Marnell in the Underlying Complaint;

3. That Plaintiff Acuity is entitled to recover the fees and costs it has incurred in defending Defendant Signature in the Underlying Complaint in an amount to be proved at trial;

4. That if there is a duty to defend and indemnify Defendant Signature, that duty rests with Defendant Knight or Roe Business Entity I;

5. That if both Acuity and Knight or Roe Business Entity I both owe a duty to defend or indemnify, that the Court identify the obligations and levels of cooperation between the parties relative to that defense and indemnity;

6. A declaration of the court as to the rights, duties and responsibilities of the parties in relation to Marnell's action against Signature and including but not limited to the rights, duties and responsibilities as to Acuity's policy of insurance;

7. A declaration of the court as to the rights, duties and responsibilities of the parties in relation to Knight's or Roe Business Entity I's policy of insurance.

8. An award of attorney's fees incurred by Acuity in prosecuting the subject action;

9. Costs of this action; and,

10. For such other and further relief as the Court deems just and proper in these premises.

DATED this \_\_\_\_ day of Dec, 2023.

BAUMAN LOEWE WITT & MAXWELL

MICHAEL C. MILLS, ESQ.
Nevada Bar No. 003534
3650 N. Rancho Dr., Ste. 114
Las Vegas, Nevada 89130
Attorneys for Plaintiff Acuity A Mutual Insurance Company

## INDEX OF EXHIBITS

**1** Subcontract Agreement dated January 10, 2023.
**2** Complaint, Case No. A-23-877965-C
**3** Notice to Cure attached as Exhibit 2 to the Underlying Complaint.
**4** Notice of Termination attached as Exhibit 3 to the underlying Complaint.
**5** Certified Copy of Signature's Policy with Acuity Effective Date 06-26-23 to Expiration Date 06-26-24.
**6** Answer to Complaint Case No. A-23-877965-C.
**7** Reservation of Rights letter.