1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7   ACUITY A MUTUAL INSURANCE
    COMPANY,
8
                                    Plaintiff(s),
9
            v.
10
    SIGNATURE CONCRETE & COATINGS,
11   INC., et al.,
12
                                    Defendant(s).

Case No.2:23-CV-2099  JCM (BNW)

ORDER

13

14          Presently before the court is defendant Signature Concrete & Coatings, Inc.'s motion to

15   dismiss.  (ECF No. 10).  Plaintiff Acuity Mutual Insurance Company filed a response (ECF No.

16   12), to which Signature Concrete replied (ECF No. 16).  For the reasons stated below, the court

17   GRANTS Signature Concrete's motion and DISMISSES this case.

18   **I.      Background**

19          The action arises from an underlying state court action[1] (the "state action") in which

20   Signature Concrete is currently defending itself against claims brought by nonparty Marnell, LLC.

21   (ECF No. 1).  The allegations are as follows.

22          Marnell, LLC subcontracted Signature to do HVAC work on a residence.  (ECF No. 1, at

23   2–3).  A dispute arose in April 2023 when Marnell claimed that Signature completed defective

24   construction work on the residence.  (*Id.* at 3).  On June 8, 2023, Marnell terminated the

25   subcontract, citing Signature's failure to cure and refusal to pay its subcontractors.  (*Id.* at 4).  On

26   June 26, 2023, defendant Acuity issued an insurance policy to Signature.  (*Id.*).  Marnell filed the

27

28
_____

       [1] Nevada Eighth Judicial District Court Case No. A-23-877965-C.

1   state action against Signature on September 8, 2023.  (*Id.*)

2          Acuity is currently providing legal defense to Sigature in the state action subject to a

3   reservation of rights to recuperate the fees and costs incurred in the defense.  (*Id.* at 4).  Since the

4   filing of the instant motion, Acuity has been added as a third-party defendant to the state action.

5          Acuity filed the instant action on February 21, 2024, seeking a declaratory judgment as to

6   its duties to defend and indemnify Signature under the policy. (ECF No. 1).  Acuity contends that,

7   due to the timing of the insurance policy's issuance, it has no duty to defend Signature.  To the

8   extent there is a duty to defend, that duty lies with defendant Knight Specialty Insurance Company

9   (Signature's insurer prior to Acuity).  (*Id.* at 6–7).  Signature brings the instant motion to ask this

10  court to abstain from exercising its jurisdiction under the Declaratory Judgment Act.  (ECF No.

11  10).

12  **II.      Legal Standard**

13         The Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, permits a federal court to

14  "declare the rights and other legal relations" of parties to "a case of actual controversy."  28 U.S.C.

15  § 2201.  The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an

16  enabling Act, which confers a discretion on the courts rather than an absolute right upon the

17  litigant."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (internal quotation marks omitted).

18  Thus, a district court is under no compulsion to exercise its jurisdiction and may abstain from

19  exercising jurisdiction.  *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998).

20         When deciding whether to exercise jurisdiction, the district court's discretion is guided by

21  the non-exclusive factors set forth in *Brillhart*: (1) avoidance of needless determination of state

22  law issues; (2) discouragement of the use of declaratory actions as a means of forum shopping;

23  and (3) avoidance of duplicative litigation.  *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491,

24  494 (1942); *see also Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998).  The Ninth

25  Circuit has identified additional factors, such as:

26                  whether the declaratory action will settle all aspects of the
                    controversy; whether the declaratory action will serve a useful
27                  purpose in clarifying the legal relations at issue; whether the
                    declaratory action is being sought merely for the purposes of
28                  procedural fencing or to obtain a 'res judicata' advantage; or
                    whether the use of a declaratory action will result in entanglement

between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

Dizol, 133 F.3d at 1225, n. 5 (quotations omitted).  At the core of the court's discretion is an assessment of "how judicial economy, comity, and federalism are affected in a given case." *Id.* at 1225.

"[D]eclaratory judgment may be refused where it would serve no useful purpose . . . ." *McGraw-Edison Co. v. Preformed Line Prods. Co.*, 362 F.2d 339, 343 (9th Cir. 1966).  Declaratory relief does not serve a useful purpose when "it is being sought merely to determine issues which are involved in a case already pending and can be properly disposed of therein . . . ." *Id.*  Thus, "a court may decline to hear a claim for declaratory relief if adjudication of the issues raised in other claims would fully and adequately determine all matters actually in controversy between the parties." *Philips Med. Capital, LLC v. Med. Insights Diagnostics Ctrs., Inc.*, 471 F. Supp. 2d 1035, 1048 (N.D. Cal. 2007).

## III.  Discussion

Where an action is seeking purely declaratory relief, the DJA governs the court's discretion.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995).  The DJA provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal obligations of any interested party seeking such declaration."  28 U.S.C. § 2201.  The crux of this judicial discretion is in the word "may."

The Supreme Court has noted that it is "uneconomical as well as vexatious" for a federal court to proceed in a declaratory judgment action where another suit is pending in a state court presenting the same issues between the same parties.  *Brillhart*, 316 U.S. at 495.  When there is an action pending in state court presenting the same issues of state law, there exists a presumption that the matter be heard in state court.  *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366–67 (9th Cir. 1991).  This is particularly true when the only claim before the federal court is for declaratory relief.

Acuity argues that the *Brillhart* factors do not warrant dismissal because the instant action implicates only well-settled state law issues, the state action presents "entirely different" factual

1   issues, and Acuity was not a party to the state action when this motion was filed.  (ECF No. 12, at

2   8–11).[2]  Acuity's arguments are unavailing for several reasons.

3          First, defendants Acuity and Knight Specialty Insurance Company have since been

4   successfully added as third-party defendants in the state action.  Acuity's characterization of this

5   action and the state action is also inaccurate.  There are several common questions of fact between

6   the two actions, such as the nature of work performed by Signature, whether that work was

7   defective, and whether and when damages occurred.  Both this case and the state action rely on

8   the same underlying factual scenario, thereby creating a high probability of identity between the

9   two proceedings.  This creates a "real risk that, if the declaratory relief action proceeds to judgment

10  before the underlying action is resolved, the insured could be collaterally estopped to contest issues

11  in the latter by the results in the former." *Evanston Ins. Co. v. 70 Ltd. P'ship*, No. 2:14-CV-01370-

12  RFB, 2014 WL 6882415, at *2 (D. Nev. Dec. 5, 2014) (citations and quotations omitted).

13         Next, the central question under *Brillhart* is not whether the federal court is deciding novel

14  issues of state law, but whether the federal court should dismiss the action to avoid needless

15  "determination of state law issues" and "entanglement between the federal and state court systems"

16  when the action involves a declaratory judgment claim based solely on state law issues.  In this

17  instance, the court finds that it should.  This case involves principles governing insurance law, an

18  area that Congress has expressly left to the states through the McCarran-Ferguson Act. 15 U.S.C.

19  §§ 1011-12.  Moreover, allowing this case to continue in federal court will result in "duplicative

20  litigation" and is not in the interest of judicial economy and efficiency.

21         The *Brillhart* factors are not exhaustive.  *Dizol*, 133 F.3d. at 1225 n.5.  However, the court

22  is persuaded by the judicial interests in avoiding needless determination of state law issues and

23  promoting comity between state and federal courts. The court finds these factors weigh in favor of

24  dismissing the action without prejudice.

25  . . .

26  . . .

27  _____

28         [2] To the extent that Acuity raises arguments that are not specifically addressed in this order, the court has considered the same and concludes that they either do not present a basis for relief or need not be reached given the court's ultimate disposition.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Signature Concrete & Coatings, Inc.'s motion to dismiss (ECF No. 10) be, and the same hereby is, GRANTED.  Plaintiff Acuity, A Mutual Insurance Company's sole claim for declaratory relief is DISMISSED, without prejudice.

The clerk of the court is INSTRUCTED to close this case.

DATED July 3, 2024.

_____
UNITED STATES DISTRICT JUDGE